ILLINOIS CENTRAL RAILROAD CO. v. ANDREW R. BOGARD ET AL.

1. COMMON CARRIER. *Freight.* *Insurer.* *General rule.*

   A common carrier of freight is, as a general rule, an insurer, and nothing exonerates him from the obligation to deliver at the point of destination except the act of God, the public enemy, or the conduct of the shipper.

2. SAME. *Exceptions.* *Nature of freight.* *Vis major.*

   To the general rule an exception is made in case the damage or loss is occasioned by the nature of the freight itself, and the carrier may be exonerated when the loss results from an outside force, a *vis major*, not technically to be classed as that of a public enemy.

3. SAME. *Measure of damages.*

   The measure of damages for nondelivery by a common carrier is the value of the freight at place of destination.

4. SAME. *Contract.* *Negligence.* *Exemption from.*

   A common carrier cannot contract for exemption from damages arising from his own negligence, even to the extent of limiting his liability to values at place of shipment.

5. SAME. *Demand in writing under oath.* *Waiver.*

   If a contract of affreightment provide that a claim for damages shall not be valid unless presented to an agent of the carrier in writing, under oath, within a limited time, the provision will not avail the carrier where the shipper wrote to the agent within the time touching the claim, and was answered by the agent that he had referred the matter for investigation, and subsequently received two letters from the carrier on the subject, no objection being made that the claim had not been propounded under oath.

FROM the circuit court of Lafayette county.

HON. Z. M. STEPHENS, Judge.

Bogard and another, appellees, were the plaintiffs in the court below; the railroad company, appellant, was defendant there. The suit was for damages to live stock shipped by the

plaintiffs over defendant's road from Oxford, Miss., to St. Louis, Mo.

The stipulations of the contract of affreightment involved are correctly copied in the brief of appellant's attorneys, and the nature of the controversies are sufficiently shown by the opinion of the court.

*Mayes & Harris*, for appellant.

The contracts for shipment contain the following stipulation: "And the liability of the company for any loss or damage for which it may be responsible shall not exceed the actual cost at the point of shipment, and in no event exceed the above valuation for each animal."

It has been expressly decided in this state that the stipulation in the contract that, in case the company is liable, the value of the cattle at the time and place of shipment shall govern in fixing the amount, is reasonable and valid. Therefore, that must be accepted as the estimate of damages. *Illinois, etc., R. R. Co.* v. *Langdon*, 71 Miss., 146.

The contract further provides as follows: "It is further agreed by the shipper that no claim for loss or damage to the stock shall be valid against said railway company unless it shall be made in writing, verified by affidavit, and delivered to the general freight agent of the company at the point from which the stock is shipped, or to the agent of the company at the point of destination, within ten days from the time that the said stock is removed from said cars."

The court instructed the jury for plaintiff as follows: "The court instructs the jury that, although the plaintiff in this case did not propound his claim for damages in writing within the time and in the manner required by said contract, yet the conduct of the employees and officials of said railroad company in negotiating with the plaintiff for a settlement of the claim amounted to a waiver of the proof of loss on the part of the company, and does not prevent the plaintiff from suing."

The question as to whether there was a waiver or not was a question of fact, and one which the jury should have passed upon.

The instruction was erroneous because it was on the weight of the evidence and assumed a fact which was for the jury to determine. *Myrick* v. *Wells*, 52 Miss., 149; *Levy* v. *Holberg*, 71 Miss., 66; *Prine* v. *State*, 73 Miss.; 838; *Odeneal* v. *Henry*, 70 Miss., 172; *French* v. *Sale*, 63 Miss., 386; *Johnson* v. *Stone*, 69 Miss., 826.

*James Stone*, for appellees.

Is the contract value to govern the case of recovery where the loss is the result of the negligence of the carrier? *Illinois, etc., Railroad Co.* v. *Langdon*, 71 Miss., 146, when considered by itself, might lead to this conclusion, but in that case the evidence left it very doubtful whether the railroad company was guilty of any negligence; and if it was not, then certainly the contract value would control as to common law liability. This case seems to have turned on the points that there was no proper evidence of the value of the stock at the point of destination, only the amount of sales, unsworn to, was affirmed, and the evidence, says the court, made out a very doubtful case of the negligence of the carrier.

This certainly must be the proper interpretation of the case when we consider it in connection with the doctrine expressly laid down in *Southern Express Co.* v. *Seide*, 67 Miss., 609, and *Chicago, etc., Railroad Co.* v. *Abels*, 60 Miss., 1017. In these two last cases the doctrine was clearly announced that a stipulation in the contract limiting the recovery to less than the real value to the shipper, will control only in case of loss or injury resulting from other causes than negligence of the carrier, and that when the injury is the result of negligence or misconduct of the carrier, the measure of damage is the actual loss to the shipper. This seems to be the prevailing doctrine in other states. 12 Am. & Eng. Railroad Cases, 13; *Ib.*, 37; 30 Am.

& Eng. Railroad Cases, 40; 49 Am. & Eng. Railroad Cases, 157; 45 Am. & Eng. Railroad Cases, 315.

The instruction complained of is correct. There was a clear waiver in this case by officers of the company authorized to make the contract of shipment and authorized to receive the proof of loss. 21 Am. & Eng. Railroad Cases, 143; 35 Am. & Eng. Railroad Cases, 687; Rapalje & Mack's Digest Railroad Law, 770, secs. 80, 771, 774. For analogous cases see *Ins. Co.* v. *Bowdre*, 67 Miss., 620; *McPike* v. *Western Assurance Co.*, 61 Miss., 37; *Ins. Co.* v. *Sorsby*, 60 Miss., 302. There is no controversy about the facts which are relied on for waiver. It is therefore a question of law.

CALHOON, J., delivered the opinion of the court.

Nothing exonerates a carrier from the obligation to deliver the freight in his charge at the point of destination except the act of God or the public enemy, or the conduct of the shipper. *Southern Express Co.* v. *Moon*, 39 Miss., 822; *Gilmore* v. *Carman*, 1 Smed. & M., 279; *Neal* v. *Saunderson*, 2 Smed. & M., 572; *Mobile, etc., R. R. Co.* v. *Weiner*, 49 Miss., 725. Of course this rule is subject to modification in cases where loss or damage occurs, occasioned by the nature of the freight itself, nor are we to be understood as holding that the carrier might not be exonerated where the loss was the result of some outside force, *vis major*, not technically to be classed as that of the public enemy. Aside from this he is an insurer.

The measure of damages for nondelivery is the value of the freight at the place of destination. *Jamison* v. *Moon*, 43 Miss., 598. A carrier cannot protect against liability for losses caused by his own negligence. The limit of such contract exemption is as against casualties and accidents which prudence cannot provide against. See the authorities cited in the admirable digest of Messrs. Brame & Alexander, on page 120. The case of *Illinois, etc., R. R. Co.* v. *Langdon*, 71 Miss., 146, is not in conflict with the rule, as the concluding clause of

it shows. The record in that case discloses no proper proof of value of the cattle, either at the place of shipment or the place of destination. Be this as it may, we now reannounce the true rule to be that a common carrier cannot validly contract for exemption from damages arising out of his own negligence, even to the extent of limiting his liability to account for values at the place of shipment.

Where there is a clause in the contract of affreightment that a claim for damage to cattle shall not be valid unless in writing, sworn to and delivered to the agent within ten days, the carrier cannot avail of it to escape, where, as in this case, its agent was written to, and answered that he had referred it for investigation, and the shipper received two other letters on this subject, and in none of them was any question made of the claim not being sworn to. We see no reason for not applying the same rule that has been so often applied in reference to proofs of loss in insurance matters, and we do so apply it.

The correspondence mentioned is in evidence undisputed, and the court had the right to treat it as a fact established in instructing the jury.

The most liberal charges were given for appellant, and we cannot properly disturb the verdict on the evidence.

*Affirmed.*