JACOB M. LASKY v. SOUTHERN EXPRESS COMPANY.

[45 South., 869.]

1. CARRIER. *Loss of goods. Oral notice of loss. Waiver of written demand. Bill of lading. Stipulations.*

If a carrier accept without protest and deal with a verbal demand of payment for loss of goods, it thereby waives a stipulation in the contract of shipment requiring claims to be made in writing.

2. SAME. *Actions. Contract limitation of suits.*

If a shipping contract limit the time within which suit may be brought for loss of goods the time must be reasonable and the carrier must promptly deny liability so as to advise the shipper that suit will be necessary.

3. SAME. *Nature of contract.*

Stipulations on the back of shipping contracts relative to claims for losses and limiting the time for beginning suits therefor are upheld by the courts as reasonable regulations rather than as contracts in the true sense.

4. SAME. *Facts of case. Waiver.*

Facts examined and adjudged to show a waiver by the carrier of stipulations on the bill of lading requiring a claim to be made in writing within ninety days and suit to be brought within one year from the loss.

FROM the circuit court of Monroe county.

HON. EUGENE O. SYKES, Judge.

Lasky, appellant, was plaintiff in the court below, and the Express Company, appellee, a common carrier, was defendant there. From a judgment in defendant's favor plaintiff appealed to the supreme court.

The plaintiff delivered to the Adams Express Company, a common carrier, in November, 1903, at Parkersburg, West Virginia, a consignment of hats to be carried to Aberdeen, Mississippi, and there to be delivered to plaintiff. The contract of carriage between plaintiff and the Adams Express Company, evi-

denced by the bill of lading contained, endorsed on its back, the following clauses:

"(2) If the express company has not an agency at the point of destination, it shall carry the property to its agency nearest or most convenient thereto, and there notify the consignee, or deliver the property to some other carrier to continue the transportation. The Adams Express Company shall not be liable for loss or damage occurring after such delivery.

"(6) The express company shall not be liable for loss, damage, or detention of said property unless a claim therefor shall be presented to it in writing within ninety days from this date, with this contract, or a copy thereof, annexed; nor shall the company be liable in any suit to recover for the loss, damage, or detention of said property, unless the same shall be commenced within one year after such loss, damage, or detention shall have occurred, and not afterwards.

"(9) The terms and conditions of this contract shall apply to any forwarding or return of said property, and shall enure to the benefit of every carrier to whom the same may be intrusted to complete the transportation."

The Adams Express Company, having no agency at the point of destination, delivered the goods to the Southern Express Company, at St. Louis, Missouri, for carriage from St. Louis to Aberdeen. Three days after date of the shipment the goods were delivered to plaintiff at his store in Aberdeen, but a shortage in the number of hats being discovered, he promptly, within three days, called the attention of the Southern Express Company's local agent at Aberdeen to the same, and turned over to him the original invoice and bill of lading and made oral claim for the loss of the missing hats, amounting to $66.50. The plaintiff, subsequently, and within ninety days from date of the bill of lading, made repeated oral demands for settlement of the loss, and received from the local agent numerous promises to take up the matter with the superior officers of his company; and the express agent informed plaintiff, that he had pro-

pounded a claim to the proper department of his company for the alleged loss, and that as soon as the superintendent's office was heard from the claim would be adjusted. In this way, plaintiff was put off from time to time, and kept constantly in expectation of a settlement by the local express agent's statements. Finally, in July, 1906, nearly three years after the loss occurred, this suit was begun for the loss and from a judgment in plaintiff's favor in the justice of the peace court the defendant appealed to the circuit court. The circuit court, after hearing the evidence for the plaintiff, the bill of lading being a part of it, on motion of the defendant, excluded the evidence and directed a verdict in favor of the defendant because the suit was not begun within the period of one year from date of the loss, and because no claim in writing was presented to the express company within ninety days from date of the contract; Code 1906, § 3127, prescribing that the statutory period of limitations of actions shall not be changed by contract, not having become operative until October 1, 1906, after the date of the bill of lading.

*George C. Paine,* for appellant.

When the agent of the express company accepted appellant's verbal claim for loss of the hats, without objection, and undertook to deal with the claim, notifying appellant that he would write to the company's headquarters about the matter and would settle with appellant as soon as he could hear from his superior officers, such action constituted a waiver of the requirement in the printed contract that all claims should be made in writing to the company. It is undisputed that appellant, at the request of the company's local agent, delivered to the agent the express company's receipt and the original invoice of the goods for the purpose of settlement, and that the agent put in a claim in behalf of appellant for settlement, and that appellant deferred instituting suit or otherwise pressing his claim solely because of the conduct and promises of the agent. Certainly the foregoing

constituted a waiver by the company of the strict requirements of the printed contract. *Southern Express Company* v. *Stevenson,* 89 Miss., 233, 42 South., 670; *Railroad Co.* v. *Bogard,* 78 Miss., 15, 27 South., 879.

The agent of the express company held such relationship toward his employer, the appellee, as that his acts bound the company. *Phoenix Ins. Co.* v. *Bowdre,* 67 Miss., 620, 7 South., 596; *Insurance Co.* v. *Sorsby,* 60 Miss., 302; *McPike* v. *Assurance Co.,* 61 Miss., 37; *Chicago, etc., R. R. Co.* v. *Calumet,* 88 Am. St. Rep., 69.

A carrier may by its conduct estop itself from insisting upon a compliance with the terms of its bill of lading. This it is held to do with respect to limitations upon the time within which an action for loss or injury to the articles shipped must be brought, whenever, by negotiations for settlement or otherwise, it so acts as to justify a reasonable belief on the part of the shipper that the claim will be settled without suit. If the shipper, acting on this belief, does not institute suit until the time specified in the bill of lading has elapsed, the carrier will nevertheless be estopped from invoking the limitation. 6 Cyc., 509, note 4.

It will be noted that the shipper, well within the limited time for presentation of claim for loss or injury, turned over his claim to the company's agent.

*Leftwich & Tubb,* for appellee.

This court has held more than once that provisions limiting time for presentation of claims for loss and damage arising under bills of lading and receipts for shipments, and limiting suits therefor to within one year, are not unreasonable. *Southern Express Co.* v. *Hunnicutt,* 54 Miss., 566; *Universal Life Ins. Co.* v. *Whitehead,* 58 Miss., 226; *Bonner* v. *Mutual Life Ins. Co.,* 36 South., 538; *Hartzog* v. *Western Union Tel. Co.,* 84, Miss., 450, 36 South., 539; *Clement* v. *Western Union Tel. Co.,* 77 Miss., 747, 27 South., 603.

It is important for all parties concerned that claims should be filed with carriers and pressed for action at as early a date as practicable after ascertainment of loss or damage to consignments of property; because the evidence can then most easily be ascertained while the matter is fresh in the minds of those concerned.

While it may be true that a carrier may waive the provisions of the contract of shipment, waiver will not be implied from slight circumstances. Some unequivocal act such as will work an estoppel must be invoked and clearly proved. 29 Am. & Eng. Encyc. of Law (2d ed.), 1095, 1096.

It will be observed that, in the dealings with appellant, there was no affirmative conduct upon the part of the local agent of the appellee. The agent never at any time even pretended to have authority to settle the claim; and it is undisputed that he merely agreed to write to the appellee's superintendent and ascertain what this superior officer would do, and let appellant know on receipt of answer from the superintendent. The appellant himself was perfectly free and able to write to the superintendent.

The delivery by appellant to the appellee's agent of the invoice of goods and of the bill of lading was not a compliance with the requirement that claims should be presented in writing.

The appellant failed to show that he ever even asked the appellee's agent at Aberdeen anything about the claim, after the year's time had expired. There certainly could have been no waiver of the year's time in which to bring suit unless the appellant affirmatively proved that the company promised payment or promised to investigate, or to consider the claim after the year for bringing suit had expired.

In the cases cited by opposing counsel, and in many others examined by us, we understand the reasoning of law to be that the agent who waives must be shown to have full authority to adjust, pay, or make settlement, and such agent must so act as to induce the party with whom he deals to believe that there will

be no insistence upon the condition as to making proof of loss within a given time, or as to instituting suit within a given time. In the case of *Chicago, etc., Railroad Co.* v. *Calumet,* as reported, with foot notes, in 88 Am. St. Rep., 118, reference is made to the case of *Thompson* v. *Chicago, etc., Railroad Co.,* 22 Mo. App., 321, which latter case holds, that "if, notwithstanding such negotiations, the shipper still had ample time after they had ceased within which to begin his action before the stipulated time elapsed, the carrier cannot be estopped from claiming the benefit of the stipulation." See also *McPike* v. *Insurance Co.,* 61 Miss., 37; *Insurance Co.* v. *Sorsby,* 60 Miss., 302.

MAYES, J., delivered the opinion of the court.

The loss of the goods about which this suit is instituted occurred in November, 1903, and suit was instituted in justice court in July, 1906. Therefore Code 1906, § 3127, has no bearing on the controversy. We do not consider what effect this section may have on the stipulations in future.

While the record shows that the claim of Lasky against the express company for the loss of the hats was not made in writing, it also shows that the goods were received on Saturday, and the loss called to the attention of the express company on the following Monday, almost immediately after the loss was discovered. It is also shown that Lasky turned over the original invoice and express receipt to the agent when he made his claim for the loss of the goods. The express agent told Lasky afterwards that he had put in the claim and wanted to hear from the superintendent's office, and as soon as he heard, the matter would be settled. In this way Lasky was put off from time to time, as he says; the agent telling him all the while that he had put in the claim and was waiting to hear from it. In the case of *Express Co. v. Stevenson,* 89 Miss., 233, 42 South., 670, it was held that where verbal notice was given by the shipper of his claim for damages, and the express agent undertook

to send a tracer after the goods, and after trying to find them for some time reported that he could not, and a written demand was afterwards made on the express company, it could not avail of the defense that the claim was not propounded in writing within the time stipulated in the shipping contract that it should be. The printed terms of shipment on the back of the contract in this case provide that the express company will not be liable for loss, damage, or detention, unless the claim shall be presented in writing within ninety days from the date of the contract; and it also provides that the company shall not be liable in any suit to recover for the loss, damage, or detention of the property, unless same shall be commenced within one year after such loss, damage, etc., shall have occurred. In the cases cited by counsel for appellee the extent to which this court has gone is simply to hold that carriers may make reasonable regulations with reference to the manner in which and the time when a claim shall be propounded. We have no case holding that a carrier may limit the time within which suit shall be commenced after it has received notice of the loss or damage, and since the passage of Code 1906, § 3127, the question is now of no practical importance.

In all cases where a carrier seeks to defeat a claim because it has not been presented in writing within the period stipulated in the contract of shipment, two things must be shown in order to make this defense available: First. When the shipper makes complaint of damage or loss, it must show that it has done nothing to mislead him, or cause him to believe that it has waived the requirement that the claim shall be in writing. When a claim is made to a carrier, even when it has in the contract of shipment the requirement that it shall be in writing, if it accept a verbal claim without protest, and undertake to deal with the claim in any way, it waives the requirement that it shall be in writing. If the carrier intends to stand upon this stipulation, it must decline to have anything to do with a claim which is propounded verbally, and notify the person undertaking to propound his claim in this way at the

time; and if it does not, and deals with the claim in any way or does anything which reasonably leads the shipper into the belief that this requirement has been waived, it cannot afterwards insist upon it. Second. While we are not called upon in this case to say whether or not a carrier may make a valid stipulation as to the time within which suit shall be commenced after loss or damage has occurred, we do say that, if the period of time contained in the shipping contract is valid, it must be reasonable as to time, and there must be prompt action on the part of the carrier in denying its liability, so that the shipper may be duly apprised of the fact that suit will be necessary. Any unusual delay, or any long period of time consumed by the carrier in handling the claim, will constitute a waiver and prevent it from asserting this provision.

Stipulations in shipping contracts of the character under discussion are made entirely for the benefit of the carrier, and will receive strict construction, to the end that through it just claims of shippers may not be defeated by dilatory methods in handling the claim. These stipulations are made on the back of the contracts of shipment, and are rarely read by the shipper, and the one ground upon which they can be upheld is that they are reasonable regulations—not contracts in the true sense. In the case of *Railroad Co.* v. *Bogard,* 78 Miss., 11, 27 South., 879, the court said: "Where there is a clause in the contract of affreightment that a claim for damage to cattle shall not be valid unless in writing, sworn to and delivered to the agent, within ten days, the carrier cannot avail of it to escape, where, as in this case, its agent was written to, and answered that he had referred it to investigation, and the shipper received two other letters on this subject, and in none of them was any question made of the claim not being sworn to. We see no reason for not applying the same rule that has been so often applied in reference to proofs of loss in insurance matters, and we do so apply it." In *Chicago Ry. Co.* v. *Calumet Farm,* 194 Ill., 9, 61 N. E., 1095, 88 Am. St. Rep., 117, it is held that provisions providing for notice of claim within a certain time, or fixing a period limiting

the right of the shipper to sue, are provisions for the carrier's benefit, and may be waived in whole or in part by it. The waiver need not be, and seldom is, express, but may be implied from the conduct of the carrier. *Hudson* v. *Northern Pacific Ry. Co.,* 92 Iowa, 231, 60 N. W., 608, 54 Am. St. Rep., 550; *Hinkle* v. *Southern Ry. Co.,* 126 N. C., 932, 36 S. E., 348, 78 Am. St. Rep., 685. In 6 Cyc., p. 509, it is stated that "the requirement as to making claim for damages within the time and in the manner specified in a contract of shipment may be waived by failing to object to the form of the defective notice, or by entertaining and proceeding to consider and negotiating with reference to the claim, or by misleading the owner as to the necessity of giving notice"

Under the facts in this case and the authorities quoted above, it being clearly shown that Lasky lost the goods, and that he almost immediately made verbal claim to the express company for the loss, without objection on the part of the agent, and the agent having taken charge of the invoice and express receipt in order to trace the matter, putting him off from time to time when he would apply to him about it, the carrier has waived the provision of the contract of shipment in question. If the carrier intended to insist that the claim should be made in writing, the agent should have declined to take any action on the verbal claim presented by Lasky, and should not have accepted the invoice and the express receipt and undertaken to adjust the matter. Carriers are affected with a public duty, and the rights of the public, as well as those of the carrier, are to be considered in determining the question of the validity of these regulations, and, when they are to be upheld, the carrier must unequivocally insist upon a compliance by the shipper with such stipulations as are valid at the time the shipper presents his claim, and there must be prompt action on the part of the carrier in handling the claim; otherwise, the stipulations are waived.

*Reversed and remanded.*