JOSIAH C. WILLIAMS v. YAZOO & MISSISSIPPI VALLEY RAILROAD
COMPANY.

[46 South., 399.]

CARRIERS. *Railroads. Live stock. Injury in transit. Claim. Verification. Waiver. Bill of Lading.*

Where a bill of lading for the carriage of live stock made it a con-
dition precedent to the recovery by the owner of damages for in-
jury to the stock in transit that he should make claim therefor
in writing under oath within a designated time the reception by
the carrier, without objection until suit began, of a written un-
sworn demand is a waiver of a claim under oath.

FROM the circuit court of Claiborne County.

HON. JOHN M. BUSH, Judge.

Williams, appellant, was plaintiff in the court below; the
railroad company, appellee, was defendant there. From a
judgment in defendant's favor, predicated of a peremptory
instruction, plaintiff appealed to the supreme court.

The suit was by the owner of live stock for damages because
of alleged injuries suffered while in transit; the bill of lading
provided that the carrier should not be liable for such damages,
in any case, unless the owner made claim therefor *in writing
under oath* within ten days after receiving the animals at the
point of destination. The testimony touching the unsworn
written claim made within the ten days in this case and other
facts are stated in the opinion of the court.

*R. B. Anderson* and *Alexander & Alexander,* for appellant.

It was error to take the case from the jury because the claim
was not sworn to. In the first place, no such defense was in-
terposed. It is true pleadings in the justice's court and on ap-
peal from the justice court do not have to be in writing, but it
is still necessary for defenses to be made known. Certainly, it

is not fair to a plaintiff to omit all reference to such a defense and to present it only by a motion for a peremptory instruction. The bill of lading containing the stipulation that the claim must be made within ten days and verified by affidavit was introduced by defendants. No special attention seems to have been directed to that provision. Even when plaintiff's agent testified to mailing the notice within ten days and stated voluntarily that it was not sworn to no objection was interposed by defendant to the testimony. No motion was ever made to exclude it. Under the circumstances the point cannot be made for the first time in the instruction. Had timely objection been made by plea or objection to the evidence as to the mailing of the notice or otherwise, testimony could have been procured more fully establishing the receipt of the notice and what was done under it.

While our court held in *Southern Express Co.* v. *Hunnicutt,* 54 Miss. 556, that a stipulation requiring thirty days notice is reasonable, it has never held that ten days would be reasonable.

*Mayes & Longstreet,* for appellee.

[The brief of counsel for appellee could not be found by the reporter, hence no synopsis thereof can be given.]

WHITFIELD, C. J., delivered the opinion of the court.

Anderson, the attorney for the plaintiff in this case testified that he mailed the notice of the claim within ten days, and that it was not sworn to. The railroad company made no objection to this testimony, nor was any motion ever made to exclude it. The point was not made at all that the claim failed because of not having been sworn to within the ten days, until the court was asked to instruct the jury peremptorily to find for the defendant. The case originated in the court of a justice of the peace, where no pleadings in writing are required. Owing to this fact, and to the course pursued by the appellee on the trial in the circuit court, the plaintiff had no reason to suppose this de-

fense would be made. If any objection had been made to the testimony of Anderson as to the mailing of the notice, appellant would have had opportunity of more fully establishing the receipt of the notice and what was done under it. We do not think, under the circumstances of this case, that the appellee should have been permitted to make the point in the way in which it was made. It should have been treated as a waiver, within the principles announced in the case of *Lasky* v. *Southern Express Company*, 92 Miss., 268, 45 South., 869. It was the duty of the railroad employe, to whom the notice was mailed, to answer, and to answer promptly, and then make the point, if it was intended to rely upon that point. *Railroad Co.* v. *Bogard*, 78 Miss., 11, 27 South., 879. It is very questionable if the time (ten days) could be, in any case, upheld as a reasonable regulation.

*Reversed and remanded.*