BERNSTEIN *v.* YAZOO & M. V. R. Co.

[72 South. 132.]

1. CARRIERS. *Actions. Carriage of live stock. Evidence. Sufficiency.*
   Under the facts as set out in its opinion in this case the court
   held that the evidence was sufficient to carry the question of
   defendant's negligence to the jury.

2. CARRIAGE OF LIVE STOCK. *Stipulations. Conditions.*
   A provision in the shipping contract under which live stock was
   transported requiring written notice of a claim for damage within
   ten days from the time when the stock was removed from the
   car is unenforceable, where it did not appear to be supported by
   any consideration.

APPEAL from the circuit court of Adams county.
HON. R. E. JACKSON, Judge.

Suit by A. H. Bernstein against the Yazoo & Missis-
sippi Valley Railroad Company. From a judgment for
defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*C. F. Engle, S. B. Laub* and *W. B. Crawford,* for ap-
pellant.

*Ratcliff & Kennedy* and *Mayes, Wells, May & San-
ders,* for appellee.

HOLDEN, J. delivered the opinion of the court.

This is an appeal from the circuit court of Adams county, where the appellant, A. H. Bernstein, filed suit against the appellee railroad company to recover damages for injuries to a shipment of horses, claiming that the stock was negligently injured by the railroad company while in transit from the National Stockyards at St. Louis to Natchez, Miss.; and from a peremptory instruction granted by the court in favor of the defendant the plaintiff, Bernstein, appeals here.

The evidence offered by the plaintiff in the lower court discloses that he shipped a car of stock, composed of twenty-five horses and one mule, over the road of appellee from St. Louis to Natchez; that the shipment was delayed five days en route, and when the stock reached Natchez several of the horses were sick and in a bruised condition; that the stock was on the road seven days, and were fed only once or twice en route; that the sickness of the stock may have been caused by exposure in transit; and the testimony tended to show that the injuries and bruises to the stock were due to the delay and rough handling of the car; that the stock was injured by shrinkage on account of being starved while en route.

The defendant below introduced no evidence showing the proper handling of the stock in transit, nor did it offer any evidence to explain the delay of five days; but it offered in proof, and relied upon, the contract of shipment, and contended that the appellant could not recover because he had failed to file the written notice of his claim for damages within ten days from the time the stock were removed from the car, as provided for in section 6 of the shipping contract.

In answer to this defense the plaintiff below offered evidence showing that the agent of the appellee railroad at Natchez had been notified verbally of the injuries and damages within a few hours after the stock

were unloaded, and that this agent inspected the stock and made an investigation of the injuries complained of. The plaintiff also contended that the ten-day notice stipulation was void as being unreasonable, and void also because it was without consideration.

We think the evidence offered by the plaintiff in the lower court was sufficient to establish negligence on the part of the railroad company in handling this car of stock, which negligence was the cause of the injuries, or at least some of them, that are complained of by appellant. We deem it unnecessary at this time to pass upon the question of whether the ten-day stipulation in the shipping contract is unreasonable, or whether or not, if it be reasonable, the appellee, through its agent at Natchez, waived this stipulation; as this feature of the controversy is controlled by the rule announced in *Yazoo, etc. R. Co.* v. *Bell,* 71 So. 272.

Therefore the judgment of the lower court is reversed and case remanded.

*Reversed and remanded.*