BERNSTEIN *v.* YAZOO & M. V. R. R. Co.

[77 South. 146, Division A]

CARRIERS.  *Live Stock.  Filing claim of loss.  Waiver of stipulations.*
   The provision of a contract for the shipment of live stock, that the shipper shall file notice of loss within ten days of delivery is waived where the proper agent of the carrier received and accepted oral notice, acted upon it, and inspected the injured stock shortly after their arrival, and made notation upon the way bill of the injuries and damages to the stock at the time.

APPEAL from the circuit court of Adams county.
HON. ROBT. E. JACKSON, Judge.

Action by A. H. Bernstein against the Yazoo & Mississippi Valley Railroad Company. From a judgment for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Chas. F. Engle, B. W. Crawford & Beekman Laub,* for appellant.

*Mayes, Wells, May & Sanders,* for appellee.

HOLDEN, J., delivered the opinion of the court.

This case is now here the second time on appeal from the circuit court of Adams county, where the circuit judge again granted a peremptory instruction to find for the appellee railroad company; the facts being the same in the present appeal as in the former. *Bernstein v. Yazoo, etc., R. Co.,* 111 Miss. 697, 72 So. 132.

In the former appeal we reversed the judgment of the lower court upon the specific ground that the case came within the rule announced in the *Bell Case,* 111 Miss. 82, 71 So. 272, holding that the ten-day notice stipulation in the contract of shipment was void, for the reason that the shipper was not offered the choice of two rates, a higher and lower, rate, the benefit of which was necessary as a consideration to uphold the ten-day notice stipulation, and we did not there pass upon the question of waiver. Since our decision in the case of *Bernstein v. Railroad Co., supra,* we held in the case of *Railroad Co. v. Davis,* 112 Miss. 119, 72 So. 874, that the ten-day notice stipulation was reasonable and valid, and that in the Davis Case the shipper was offered the benefit of two rates, and accepted the lower, and he not having filed his claim within the required ten days' time, and, the particular facts in that case not showing that the requirement had been waived by the acts of any authorized agent of the railroad, the shipper was precluded from recovery for the alleged injuries to the stock in transit. But we have held in no case that the railroad company could not waive the ten-day notice stipulation in the contract where the proper agent of the railroad received and accepted oral notice, acted upon it, and inspected the injured stock shortly after their arrival, and made notation upon the waybill of the injuries and damages to the stock at the time.

In the case before us now it appears from the testimony that within a few hours after the arrival of the car of stock at Natchez the agent was notified orally of the inju-

ries and damage to the stock, and he accepted this
notice and inspected the stock and made notations of the
injuries and claim upon the waybill. Therefore it is plain
that the facts constituting the waiver in the case before
us now are quite different from the facts offered in sup-
port of the waiver in the *Davis Case, supra.*. The con-
tention of the appellee railroad in the instant case that
the Davis Case holds that the carrier, through its author-
ized agents, cannot waive the ten-day notice stipulation,
or that the carrier did not waive the stipulation in the case
now before us, is erroneous. Waiver of this stipulated
written notice in the contract may be made by the carrier
where the facts show that such oral notice was given to,
accepted, and action taken dealing with the claim by the
authorized agent of the  railroad company. In *New
Orleans, etc., R. Co. v. Wood,* 112 Miss. 614, 73 So. 615,
where the facts with reference to the waiver are very
similar to the facts in the case before us now, this court
held that this state of facts constituted a waiver of the ten-
day notice clause by the carrier. See, also, *Illinois, etc., R.
Co. v. Rogers & Hurdle,* 76 So. 686, decided by this court
November 19, 1917; *Illinois, etc., R. Co. v. Atkinson,* 113
Miss. 678, 74 So. 616; *Lasky v. Southern Express Co.* 92
Miss. 268, 45 So. 869.

The rule announced in the *Bell Case, supra,* holding that
the ten-day notice stipulated in the contract was void
because it was without consideration, in that the bene-
fit of the choice of two rates was not offered to the shipper,
has not yet been overruled by us. The rule announced in
the *Davis Case, supra,* which holds that this notice stipu-
lation was reasonable and valid, and was not waived in
that case, remains undisturbed; and we adhere to the
holding that the facts there did not constitute a waiver
of the notice required; but we decide now in the present
case before us that the facts here shown by the appel-
lant did constitute a waiver of the ten-day notice stipu-

lation in the contract of shipment.    Therefore the granting of the peremptory instruction to the appellee was error, for which we must reverse and remand.

*Reversed and remanded.*