SOUTHERN EXPRESS COMPANY *v.* R. L. STEVENSON.

[42 South. Rep., 670.]

1. EXPRESS COMPANY. *Loss. Amount. Limitation.*

An express company, in the event of loss, is not liable beyond the amount to which its liability is limited in the receipt given for a package received at the minimum rate for transportation, when it received the package without notice as to its value.

2. SAME. *Notice of loss. Contract.*

Where verbal notice of a partial loss is given to an express company's agent at the shipping point a few days after the delivery of a package, and the agent has sent out a tracer and at the end of about ninety days reported that he was unable to find the property, and a written demand is thereupon immediately made for the value of the property, the notice is sufficient, although the receipt given by the express company provided that it would not be liable for loss unless the claim should be presented in writing within thirty days.

FROM the circuit court of Pearl River county.

HON. WILLIAM H. COOK, Judge.

Stevenson, the appellee, was plaintiff in the court below; the express company, appellant, was defendant there. From a judgment in plaintiff's favor defendant appealed to the supreme court.

Appellee delivered to appellant a package containing four diamond rings for transportation by express, without placing a valuation on the package or informing appellant of the contents of the package, but paying the minimum rate for transportation, and taking from appellant's agent a receipt which provided that the company should not be liable for damage or loss, unless shown to be due to fraud or gross negligence of the company or its servants; that, unless specially insured and so specified in the receipt, the holder thereof would not demand more than $50 for loss or damage; and that the company would not be

liable for loss or damage unless the claim therefor should be presented in writing within thirty days. When the package arrived at its destination one of the rings was not contained in it, and appellee verbally notified the agent of the company at the shipping point of the loss and requested that a tracer for the lost ring be sent out; the agent then taking a copy of the receipt given appellee. About three months later appellee was informed by appellant that the ring could not be found, whereupon he presented to appellant his claim in writing for $80, the value of the ring. At the trial the court below gave a peremptory instruction to the jury directing them to find for the appellee and assess his damage at $80.

*Napier & Huddleston,* for appellant.

The receipt and the acceptance by the shipper constituted a contract. *Southern Express Co.* v. *Hunnicutt,* 54 Miss., 566.

The appellee was furnished with a book of blank receipts, which he fully and perfectly understood, and which had the provision in it that unless the claim for loss was filed with the company within thirty days it would not be entertained; or, in other words, that no claim for loss could be collected unless such claim was made to the shipping office within thirty days after shipment. This was a contract binding just as much on the shipper as on the carrier. It was a part of the contract of shipment and has been upheld by our supreme court in the case cited.

We do not think that the case of *Baltimore, etc., Express Co.* v. *Cooper,* 66 Miss., 558, on which the trial court evidently determined the law of the case at bar, has any application. In that case the loss occurred from the negligence of the shipping office for not shipping for repair an important and necessary piece of machinery. It was for negligence in performing, or, rather, failure to perform, their duty as common carriers. The court simply said that the express company was not entitled to claim exemption under this clause for two very plain reasons.

1st. It was not a claim for loss in shipment, and 2d, if it had been, the company was not entitled to the thirty days' notice, for the negligence was that of the shipping office, and the company's agent was cognizant, or should have been, of the negligence occasioning it.

See Moore on Carriers, p. 333, for the authorities on this subject. While there is a tendency of the courts to break away from the thirty day rule and adopt the ninety day rule, yet a number of them, and ours among them, hold to the thirty day rule.

*Stevens & Shivers,* for appellee.

The case of *Southern Express Co.* v. *Hunnicutt,* 54 Miss., 566, was decided on one point alone, *i. e.,* that no notice in writing of the loss or damage was, with the original receipt for the goods annexed, given to the shipping office within thirty days, although the court in its opinion used the following language: "The law is settled by the great weight of authority that a common carrier may limit his liability by contract, provided the special contract does not exempt it from loss by negligence or misconduct." The statement of the case as made by the court in its opinion makes out a clear case of negligence on the part of the company by its servant, by stating that Hunnicutt delivered the package to the agent of the express company on the 16th day of February, and the package being mislaid, was not forwarded until the following March 10th. Surely this was negligence within the purview of the opinion of the court above quoted, which negligence of the express company was the occasion of a great loss to Hunnicutt, and we doubt not was the foundation of the judgment of the distinguished judge of the court *a quo.* The authorities quoted by this court in the opinion rendered are from supreme courts which do not uphold the doctrine that loss is *prima facie* evidence of negligence, and that the burden of showing that there was no negligence or misconduct on the part of the carrier or its servants, to wit, of the

states of Indiana, Pennsylvania, and of the United States; whereas, among others, the supreme court of the state of Mississippi has uniformly held that the carrier must show that there was no negligence or misconduct on the part of itself or servants.

The burden of proof was on the appellant to show that the loss occurred without fault on its part, and this burden it failed to meet. *Southern Ex. Co.* v. *Seide,* 67 Miss., 609; *Railroad Co.* v. *Abels,* 60 Miss., 1017; *Express Co.* v. *Moon,* 39 Miss., 822; *Johnson* v. *A. & V. R'y Co.,* 69 Miss., 191; *Illinois,'etc., R. R. Co.* v. *Lancashire Ins. Co.,* 79 Miss., 114; *Southern Ex. Co.* v. *Marks, Rothenberg & Co.,* 40 South. Rep., 65; *Newberger Cotton Co.* v. *Illinois, etc., R. R. Co.,* 75 Miss., 303.

"Time notice is good except where there is negligence or misconduct. *Atchison, etc., R. R. Co.* v. *Temple,* 13 L. R. A., 362. See note, "restrictions upon right to limit liability," and authorities there cited.

The express company was estopped, by the action of its agent and servant, from demanding performance of the stipulation for written notice within thirty days of the date of the receipt, to the shipping office, by the action of the agent at the shipping office in sending, or pretending to send, a tracer for the ring, and after waiting nearly three months, and after the expiration of the stipulated thirty days, notifying appellee that the ring could not be found. When the written claim, with original receipt attached, was presented to him, he could not after all this refuse to pay on the ground that the stipulated time limit for written time notice had expired.

See opinion of the court in *Baltimore, etc., Express Co.* v. *Cooper,* 66 Miss., 558. The purpose of the stipulation is to permit the carrier to make a prompt investigation of the claim. In this case the carrier was promptly notified at the shipping office. *Chicago, etc., R. R. Co.* v. *Calumet, etc., Farm,* 194 Ill., 9 (s.c., 88 Am. St. Rep., 68); note "G," p. 116 and note "F," p. 117.

As to estoppel of carrier to demand performance of stipulations by shipper, *Ib.,* note "G" on p. 118, and authorities given.

MAYES, J., delivered the opinion of the court.

It is manifest from the record that the express company had no notice that the package delivered to it for shipment to New Orleans contained diamonds, or anything of great value. Mr. Stevenson did not fix the value at the time he made the shipment, and, this being the case, he cannot recover over and above the sum of $50. By express contract it is stated that the amount the express company shall be liable for, in the event of loss or damage, when no value is given, shall not exceed the sum of $50. This regulation is reasonable and valid. When articles of great value are to be shipped by the express company, it is but just and right that it should be informed, in order that it may take such precaution to secure the safe delivery of the articles as the values it is dealing with warrant. A party who takes advantage of the cheapest rate, and fails to give proper notice, can have no cause to complain in case the goods should be lost, that he is deprived of his right to recover all above the amount limited in the contract of shipment.

Notice of loss was given to the express agent a few days after the loss was discovered. This notice was given verbally by the shipper, and Mr. Hyde, the express agent, sent a tracer after the goods, and after about ninety days reported that he could not find them. After he reported that he could not find the goods, a written demand was made on the express company for the value. We think that the express company had all the notice necessary, and is liable in the sum of $50, the amount limited in their contract.

The court erred in giving a peremptory instruction for the plaintiff and ordering the jury to assess damages in the sum of $80. If the judgment be remitted down to $50, the case is affirmed here; otherwise, it is reversed and remanded. But, in any event, the costs of appeal shall be taxed against appellee.