LEHIGH VALLEY R. CO. v. PROVIDENCE WASHINGTON INS. CO.

(Circuit Court of Appeals, Second Circuit.　May 19, 1909.)

No. 262.

1. INSURANCE (§ 622*)—CONSTRUCTION OF CONTRACT—LIMITATION OF ACTION.
An open policy of marine insurance issued to a carrier on its cargoes, insuring them "for account of whom it may concern," contained a provision that no actions should be maintained thereon "unless commenced within the time of 12 months next after the disaster causing such loss or damage shall occur." *Held*, that such policy was not one of liability insurance, but that the sinking of a vessel, causing damage to its cargo, was the "disaster" causing the loss, and that the insured had immediately a right of action for the benefit of any party in interest, independently of any antecedent recovery against it by the cargo owner, and that an action was barred in 12 months thereafter.

[Ed. Note.—For other cases, see Insurance, Dec. Dig. § 622.*

Conditions in policy as to time for bringing suit, see notes to Steel v. Phœnix Ins. Co., 2 C. C. A. 473; Rogers v. Home Ins. Co., 35 C. C. A. 404.]

2. WORDS AND PHRASES—"WAIVER."
A "waiver" is the intentional relinquishment of a known right.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 8, pp. 7375–7381, 7831–7832.]

Appeal from the District Court of the United States for the Southern District of New York.

For opinion below, see 167 Fed. 223.

In the policy sued upon the respondent insured the libelant, "for account of whom it may concern, on all kinds of grain and flaxseed, against any and all risks and perils of fire, inland navigation and transportation, the property of the assured or held in trust or custody, or as freighter, forwarder, bailee or common carrier, while on board barge or barges, lighter or lighters, boat or boats, float or floats." On January 23, 1903, while the policy was in force, 4,500 bushels of wheat covered by it and in the course of transportation by the libelant as common carrier were damaged by the sinking of a canal boat upon which they were loaded. The owners of the wheat assigned their claim for its loss to one Bradley, who in March, 1906, obtained a decree against the libelant in the District Court. In April, 1907, this decree was affirmed on appeal by this court. The libelant paid the amount of the decree and within 12 months thereafter brought this action to recover the amount so paid together with expenses.

The District Court held that the respondent was not liable because: (1) The action was not commenced within the time limited by the following provision of the policy: "It is further hereby expressly provided that no suit or action against said company for the recovery of any claim upon, under, or by virtue of this policy shall be sustainable in any court of law or chancery, unless such suit or action shall be commenced within the time of 12 months next after the disaster causing such loss or damage shall occur; and in case any such suit or action shall be commenced against said company after the expiration of 12 months next after the disaster causing such loss or damage shall have occurred, the lapse of time shall be taken and claimed as conclusive evidence against the validity of the claim thereby attempted to be enforced." (2) The policy provided that it should not apply, should there be any existing insurance by the owner of the goods, and there was such insurance.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Robinson, Biddle & Benedict (U. S. Montgomery, of counsel), for appellant.

James J. Macklin (De Lagnel Berier, of counsel), for appellee.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

NOYES, Circuit Judge (after stating the facts as above). The question of primary importance in this case is whether the action was commenced within the 12-months limitation period of the policy. If the limitation is a bar, there is no necessity for considering the other questions presented. The disaster which caused the damage to the grain occurred in 1903. If this were the "disaster" of the limitation clause, this action—begun in 1907—was commenced too late. If, on the other hand, the decree which held the libelant liable was, with respect to it, the "disaster," the action was commenced in time. In other words, the question is whether the policy can be treated as one of liability insurance.

As already shown, the libelant was insured "for account of whom it may concern," and the policy covered the grain while in the custody of the libelant as a common carrier or bailee. We think that upon the occurrence of the damage by the sinking of the vessel the libelant had immediately a cause of action upon the policy. As bailee and carrier it had a special property in the wheat. Moreover, its right to recover upon the policy was not merely for its own benefit, but for the benefit of the other interested parties. It is true that after payment to the general owner recovery upon the policy would have afforded reimbursement as in the case of liability insurance. But that did not make it a liability insurance policy. As already stated, the libelant had the right to recover independently of any antecedent recovery against it and to hold the amount recovered either for its own benefit by way of reimbursement or for the benefit of other parties in interest. It follows, therefore, that as the libelant could have brought suit immediately after the accident, the limitation clause operated as a bar to this action, which was commenced several years afterwards.

The next question is whether the respondents waived the defense of the limitation clause. A waiver is the intentional relinquishment of a known right. We see nothing in the record showing that the respondent or its agent intended to waive this defense. The testimony concerning a promise to bear a part of the expenses of the litigation is entirely insufficient to establish such a waiver. The fact that the respondent insisted upon other defenses did not amount to a waiver of this defense. Moreover, we find nothing operating against the respondent by way of estoppel.

The decree of the District Court is affirmed, with costs.