## Conrad Schopp Fruit Company *v.* Pittsburg, Cincinnati, Chicago & St. Louis Railway Company, Appellant.

*Carrier—Railroads—Notice of claim—Waiver.*

1. Where a railroad company is sued for the loss of a carload of tomatoes which were alleged to have rotted from the neglect of the company properly to ice them, and the company has full knowledge of the condition of the car and its contents upon arrival, and in the course of correspondence with the owner denies its liability on the ground that it had properly performed its contract of carriage, it cannot after suit brought defend on the ground that it had not received the thirty day notice of loss provided for in the bill of lading.

2. In such a case where the evidence is conflicting as to whether the decayed condition of the tomatoes was caused by a lack of ice which the defendant had agreed to supply, the case is for the jury.

Argued April 21, 1910.  Appeal, No. 84, April T., 1910, by defendant, from judgment of C. P. No. 4, Allegheny Co., Third Term, 1907, No. 169, on verdict for plaintiff in case of Conrad Schopp Fruit Company v. Pittsburg, Cincinnati, Chicago & St. Louis Railway Company.  Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ.  Affirmed.

Assumpsit for loss of car of tomatoes.  Before COHEN, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $70.95. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant?

*R. H. Hawkins,* of *Dalzell, Fisher & Hawkins,* for appellant.

*Jos. A. Beck,* with him *McKee, Mitchell & Alter,* for appellee.

OPINION BY HENDERSON, J., July 20, 1910:

Under the evidence presented at the trial it does not seem to be important whether the liability of the defendant is to be determined according to the terms of the bill of lading delivered by the initial carrier to the plaintiff or under the waybill received by the defendant with the car. The bill of lading required that the car be iced every twenty-four hours, while the "card waybill" issued by the first company to the defendant contained a direction that the car be iced at Columbus and the defendant offered evidence to show that on the evening of August 1, at Columbus 6,000 pounds of ice were added to the supply in the car whereby the tanks were filled to their capacity of 9,000 pounds. As the car was received in Pittsburg the next day it could be said in strictness that it was iced every twenty-four hours. The plaintiff proved that a full supply of ice was in the car when the freight was shipped on July 31, and the question on this branch of the case is not so much whether ice was supplied in accordance with the bill of lading issued by the Vandalia Company as whether the car was sufficiently supplied with ice in transit, for the defendant did not deny its obligation to supply ice to the car but undertook to prove performance of its duty under the terms of the card waybill by showing that the car was iced at Columbus. There was no contradiction of the plaintiff's evidence that the tomatoes

were in a badly damaged condition on their arrival at Pittsburg and evidence was introduced to show that this damage was caused by the lack of ice in the car. On the question of the supply of ice the evidence was contradictory the defendant alleging and offering evidence to prove that there was a full supply at Columbus and that there were six tons in the car when it arrived at Pittsburg. The plaintiff's evidence on the other side was to the effect that there were only about 200 pounds of ice in the car when it reached its destination. The court properly instructed the jury that they must be satisfied that the decayed condition of the tomatoes was caused by a lack of ice and that if the defendant supplied ice as shown by its evidence it had performed its duty in that respect. It became a matter of fact for the consideration of the jury, therefore, whether the defendant failed to provide ice and whether this failure caused the plaintiff's loss. On the second branch of the case the defendant claims exemption from liability because of the provision in the bill of lading issued by the first carrier that no carrier on the route of transportation should be liable for any loss unless the plaintiff should give notice in writing of its claim for loss and within thirty days from the date of the arrival of the shipment at Pittsburg. It does not appear from the evidence just when the defendant received written notice of the plaintiff's claim, but there is some evidence tending to show a waiver by the defendant of this provision of the bill of lading. That the company had notice of the condition of the car on its arrival at Pittsburg seems evident from the testimony of one of the plaintiff's witnesses who received the freight and who was at the car immediately after its arrival and who testified that he refused to "O. K." the freight bill until the defendant's agent at the produce yards inserted on the freight bill in red ink "Arrived without ice." That an investigation and correspondence was carried on by the defendant in regard to the plaintiff's loss is apparent from the testimony of George E. Marcroft of the freight claim department of the defend-

ant and from the letter of E. E. Wright, defendant's freight claim agent, to the plaintiff's attorney dated April 10, 1907. In this letter the plaintiff's claim for damages was refused, the reason for the refusal being that "Analysis of the investigation conducted shows very clearly that the shipment involved received a good movement over our line, was kept properly refrigerated and was tendered to the consignees promptly on arrival. There is absolutely no good reason for pressing this claim against us. It is respectfully declined." The plaintiff in its supplemental statement of claim set forth this letter and averred a waiver by the defendant of the thirty days' notice. The evidence warrants the inference that the defendant had notice of the claim and that its refusal to pay was based not on the plaintiff's failure to give notice in time but because it had properly performed its contract of carriage. As the loss was one which occurred apparently while the goods were in the custody of the defendant and it had prompt notice of the condition of the car and its contents it had all the benefit of notice which it would have had if the notice had been given in writing, and while it had a right to insist on strict performance in this respect that was a right which it could waive: Nemcof v. R. R. Co., 39 Pa. Superior Ct. 542; Hoffman v. R. R. Co., 39 Pa. Superior Ct. 47. Where the company refused payment for reasons not involving the promptness of notice but putting its objection to payment of the plaintiff's demand on entirely different grounds it ought not to be heard on this defense after the plaintiff has been put to the expense of a suit. We are not satisfied that the court erred in submitting the question of waiver to the jury.

The judgment is affirmed.