WILLIAM ROBINSON and Another v. GREAT NORTHERN RAILWAY COMPANY.[1]

December 5, 1913.

Nos 18,257—(107).

**Negligence of carrier of live stock.**
1. The evidence justifies the finding of the jury that the defendant was negligent in the care of live stock unloaded in the course of transportation.

**Claim for injury — waiver.**
2. The requirement that the shipper make his claim within 15 days and that he sue within three months was waived by the defendant.

**Omission to charge not called to attention of court.**
3. The shipment was intrastate under a shipping contract limiting the value of the stock. The court made no reference to the limitation, its attention was not called to it, and recovery of full damages was permitted. It is *held* that the attention of the court not having been called to the error or omission there is no available error.

**Damages not excessive.**
4. The verdict was not excessive.

Action in the district court for Hennepin county to recover $1,00( for negligence of defendant in transporting plaintiffs' horses fron Minneapolis to Park Rapids. The case was tried before Hale, J., who denied defendant's motion for a directed verdict in its favor, and a jury which returned a verdict for $750 in favor of plaintiffs. From

[1] Reported in 144 N. W. 220.

an order denying its motion for judgment notwithstanding the ver-dict or for a new trial, defendant appealed. Affirmed.

*Cobb, Wheelwright & Dille,* for appellant.

*Simon Meyers,* for respondents.

DIBELL, C.

This action was brought to recover damages to a carload or horses shipped over defendant's road from Minneapolis to Park Rapids. There was a verdict for the plaintiffs and the defendant appeals from the order denying its alternative motion for judgment or for a new trial.

1. The train containing the car left Minneapolis on November 9, 1911, at eleven p. m. A man was sent by the plaintiffs with the shipment. At Sauk Center where the car was transferred to the Park Rapids train, this man got on the wrong train and went south as the horses went north. Upon arriving at Sebeka, some 22 miles from Park Rapids, the 24 hours fixed by R. L. 1905, § 5153, for caring for stock being about to expire, the defendant set out and unloaded the car and the train went on. The plaintiffs conceded at the trial that unloading at Sebeka was proper, and they cannot now change their position though they suggest doing so. The question is whether the defendant was negligent in caring for the horses when unloaded. The horses were put into the stock pens with substantially no shelter. There is evidence that a blizzard was on. The conductor had telephoned ahead two or three hours before but could not get stable room. The car of stock was worth several thousand dollars. It was easily enough a question for the jury whether the defendant was negligent in failing to provide shelter for the night and the next morning. In a place like Sebeka a practical man could have provided sufficient shelter, at least of a temporary character, in a few hours. The case of Jones v. Minneapolis & St. L. R. Co. 91 Minn. 229, 97 N. W. 893, 103 Am. St. 507, cited by respondent, is not at all controlling on this phase of the case.

We attach no importance to the fact that the man sent with the stock lost the train at Sauk Center. The conductor when he took the car knew there was no one with the stock, and the company un-

dertook to unload and care for it and charge the plaintiffs for doing so.

2. The shipping contract provided that notice of loss should be given within 15 days and that suit must be brought within three months.

On November 15, 1911, the plaintiffs wrote. the defendant more in the way of complaint than of claim. Correspondence continued to March 28, 1912, when the plaintiffs wrote to the defendant, pursuant to its request of February 26 and March 20, inclosing an itemized statement of loss. The defendant asked this under a promise to give the loss further attention. Eight or ten letters passed from first to last. The last letter sent by the plaintiffs and the last letter sent by the defendant were in aid of an investigation of the claim. We think the court properly held that the defendant waived the delay.

3. At the trial plaintiffs offered in evidence in proof of their case a shipping contract embodying the terms of the shipment. This shipping contract limited the value of the stock shipped to $75 for each horse. The shipment was intrastate under a valuation to determine charges and the plaintiffs offered the contract as the one controlling the rights and liabilities of the parties. They must distinguish between their case and McGrath v. Northern Pacific Ry. Co. 121 Minn. 258, 141 N. W. 164. The difference between the cases is the difference between a common-law shipment and a shipment under a special contract. The plaintiffs cannot now claim a common-law shipment.

There was testimony that one horse which died was worth $250. The court substantially charged the jury that the plaintiffs could recover that amount for the one horse if it found liability. Another horse was worth $250 and there was evidence that after the injury he was only worth $100. It was in effect left to the jury to find $150 as the damage to this horse. It is clear that under the shipping contract there could be a recovery of only $175 for the horse killed and damages for no more than $75 for the horse injured. The limitation of liability in the contract was not called to the attention of the court at any time during the trial, nor at the time of the charge. The court correctly charged on the general method of assessing dam-

123 M.—32.

ages but did not state the contract limitation. Without the atten-
tion of the court being called to the error or omission there is no
available error.

4. The verdict was for $750 and it is claimed to be excessive. The
first definite statement of loss was made February 14, 1912, and it
reached, with some stretching, $400. The complaint in suit was for
$1,000. The award seems large. It is partly so for the reasons
stated in the preceding paragraph. We cannot interfere with it.

Order affirmed.