This is a suit against the initial carrier under the Carmack Amendment to the Interstate Commerce Act (34 Stat. at L. 584, Ch. 3591; U.S. Comp. Stat. Supp. 1911, p. 1288) for partial loss of the market value of a carload of strawberries shipped by the plaintiff over the lines of the defendant and connecting railroads and alleged not to have been forwarded and delivered with reasonable dispatch. In another suit between the same parties decided on appeal at the present term of this Court (ante, page 215), it was held that a property loss of the character here described is subject to the liability imposed by the Federal Statute.
The principal question in the present case arises upon a provision in the bill of lading under which the berries were shipped, that:
 "Claims for loss, damage or delay must be made in writing to the carrier at the point of delivery or at the point of origin within four months after delivery of the property, or in case of failure to make delivery, then within four months after a reasonable time for delivery has elapsed. Unless claims are so made the carrier shall not be liable." *Page 233 
According to the proof in the record the shipment was made on May 26th, 1910, and the claim for loss was prepared in the office of the plaintiff company on July 2nd following, but there is no evidence as to when it was transmitted to the defendant. The officer who made up the claim, and who was the only witness who testified on this subject, stated that it was sent to the Traffic Manager of the defendant corporation, but that he had no recollection as to when it was forwarded. After the claim had been investigated by the defendant it was returned to the plaintiff in a letter dated January 4th, 1911, written by the Traffic Manager, denying liability on the ground that the delivery of the berries was found to have been made in due time.
At the close of the case the trial Court granted an instruction withdrawing the issue from the jury on the theory that the failure to prove the presentation of the claim within the time prescribed by the bill of lading was a bar to recovery. This action was taken in connection with the refusal of a prayer offered by the plaintiff to the effect that even though the jury might not find from the evidence that the plaintiff gave the required notice within four months after delivery of the shipment, yet if the notice was actually given and payment of the alleged loss was declined on the ground stated in the letter from the Traffic Manager, the case admitted of a finding that the defendant had waived the limitation as to the time for the giving of the notice.
In actions of this nature, where the initial carrier is subjected to liability for defaults which may have occurred on connecting lines, and which may not be due to the defendant's own acts or omissions, the stipulation for the filing of a claim of loss within a reasonable stated period is of obvious value and importance to the carrier sought to be charged. In the case ofMissouri, K. T.R. Co. v. Harriman, 227 U.S. 657, it was held that a provision in a bill of lading for an interstate shipment that suit against the carrier for damage to the property must be brought within ninety days after the loss, was not unreasonable or forbidden by the Carmack *Page 234 
Amendment. A stipulation against the liability of an express company for a loss unless claim was made within ninety days after it occurred was sustained as valid in Southern Exp. Co. v.Caldwell, 21 Wall. 264. The opinion by Mr. JUSTICE LURTON in the Harriman case, supra, states that "Such limitations in bills of lading are very customary and have been upheld in a multitude of cases," some of which are there cited.
There can be no doubt, therefore, as to the reasonableness and validity of the provision here invoked, and the only question to be considered is whether there is any legally sufficient evidence tending to show that it has been waived.
In M. M. Trans. Co. v. Eichberg, 109 Md. 211, the bill of lading stipulated that claims for loss or damage must be made in writing not later than thirty days after the time when the shipment was due to arrive at the point of delivery, otherwise the carrier should not be liable. The undisputed fact was that the claim was not presented within that period. Its subsequent rejection was based upon a denial of liability, and no question was then raised as to the limitation of time having been disregarded. It was said in the opinion: "As regards the stipulation in the bill of lading requiring any claim for loss or damage to be made in writing within thirty days after the delivery of the property, we think that such stipulation was waived by the carrier, whose agent with full knowledge raised no objection to the claim on that ground. 5 Am. Eng. E. Law (2nd Ed.), 322-5. The present case is in precisely the same situation in this respect, and we could not apply a different rule consistently with the former decision. The principle of waiver was applied to somewhat analagous facts in Citizens' Mut. F.Ins. Co. v. Conowingo Bridge Co., 113 Md. 430; 116 Md. 422. It is evident here that even if the notice of the claim was in reality delayed beyond the time fixed by the bill of lading, the defendant has suffered no inconvenience on that account. The letter of the traffic manager shows that his company had been able to make all the investigation it considered necessary upon the question of its *Page 235 
liability. In view of the fact that the claim was prepared nearly three months before the expiration of the period within which it was to be presented, and in the absence of definite proof as to when it was actually forwarded, it might be inferred from the defendant's acknowledgment of the notice without objection as to time, that it was given in accordance with the terms of the bill of lading. But if it be assumed that the claim was not transmitted until after the four months' period had expired, it is clear that this limitation could be waived, and that the defendant's conduct as shown by the record may be regarded as having had that effect.
The defendant relied upon the case of B.C. A.R. Co. v.Sperber, 117 Md. 604, in which a stipulation identical with the present case was considered, and it was said to be incumbent upon the plaintiffs to prove that the claim had been made as thus required. There was no question of waiver in that case, and the notice of the claim was shown to have been given within the contractual period. Where it appears that the limitation has been waived, there can be no reason for attempting to show also that it was duly observed. The proof of waiver obviates the necessity of proving compliance.
The evidence was legally sufficient to support the theory of the plaintiff's prayer as to this feature of the case and also as to the general right of recovery. There was error, therefore, in the rejection of the prayer and the withdrawal of the case from the jury.
The record contains three exceptions to the exclusion of certain testimony offered by the plaintiff, but as the facts to which they refer were established by other evidence to which there was no objection, these rulings need not be discussed.
Judgment reversed, with costs to the appellant, and new trialawarded. *Page 236