## ELON A. NAUMEN v. GREAT NORTHERN RAILWAY COMPANY.[1]

November 26, 1915.

Nos. 19,491—(134).

**Carrier — shipment intrastate.**

1. Although live stock had been transported from without the state to a point within the state in the same car in which appellant carried it, the contract for its transportation in the instant case was made in Minnesota for carriage between two points in Minnesota, and was not interstate.

**Carrier — settlement of claim — waiver of condition in bill of lading.**

2. A carrier may, after loss or damage to goods has occurred, waive provisions of its contract limiting the time within which an action may be brought for loss or damage to goods transported.

**Same — documentary evidence.**

3. The trial court did not err in receiving in evidence certain exhibits offered by the plaintiff. The exhibits were properly received as evidence tending to show a waiver of the provision which limited the time within which an action might be brought.

[1]Reported in 154 N. W. 1076.

Action in the district court for Marshall county to recover $280 for injury to a shipment of live stock over defendant's road. The case was tried before Grindeland, J., who when plaintiff rested denied defendant's motion to dismiss the action, and a jury which returned a verdict for $250. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*M. L. Countryman* and *A. L. Janes,* for appellant.

*Theo. Quale,* for respondent.

SCHALLER, J.

Action to recover damages to live stock transported by defendant over its railway from St. Paul, Minnesota, to Middle River, Minnesota. The summons and complaint were served on defendant August 22, 1914. Paragraph 2 of the complaint alleges that, on the twenty-second of March, 1914, the plaintiff delivered the stock to the defendant for transportation from the city of St. Paul, Minnesota, to the village of Middle River, Minnesota, and that defendant agreed and undertook the transportation of the stock and the delivery thereof to plaintiff, who agreed to pay and has paid the freight charges for such transportation.

The answer admits paragraph 2 of the complaint. It also alleges that, at the time the live stock was delivered to and received by it, plaintiff and defendant entered into a written contract, which, among other things, contained a provision "that any action or proceeding at law for the enforcement of any claim for damages on account of any delay in the transportation of said stock, or on account of the loss of any of said stock, or of injury or damage to the same, during such transportation, shall be begun within four months after such delay, loss, injury or damage occurs, and no such action or proceeding at law shall be maintained by the shipper unless begun within the time aforesaid," and alleges that the action was not begun within four months of the time that the injury and damage occurred. Plaintiff in reply sets up that defendant waived the provision limiting the time for bringing the action.

The contract itself was introduced in evidence. It is dated "Minn. Trans. Station, March 22, 1914." The defendant therein agrees to transport one car said to contain ten head of emigrant stock from Minne-

sota Transfer consigned to Elon Naumen at Middle River. It contains the provision hereinabove set out, limiting the time for bringing an action for damages.

The action was tried to a jury which returned a verdict for the plaintiff in the sum of $250. A blended motion for judgment notwithstanding the verdict or for a new trial was made and denied. Defendant appeals from the order denying the same.

Practically only two questions are raised by the appellant: (1) Whether the shipment was an interstate or an intrastate shipment; (2) that, in any event, none of the provisions of the contract can be waived.

1. Although the live stock had been transported from Craig, Missouri, to the Minnesota Transfer in the same car in which it was delivered to and received by the appellant, yet, in view of the pleadings, and the contract itself, we are obliged to hold that this contract for transportation was made in Minnesota for carriage of goods from one point in Minnesota to another point in Minnesota. It was not interstate.

2. The question arises whether, under the laws of this state, the carrier may waive provisions of the contract limiting the time within which an action may be brought. We have held that it may do so. This is no longer an open question in this state. Robinson v. Great Northern Ry. Co. 123 Minn. 495, 144 N. W. 220.

3. Error is assigned that exhibits 1, 2, 4 and 5 were improperly received in evidence over the objections of the defendant. The exhibits in chronological order are in substance as follows:

Exhibit 2 is a letter from plaintiff's agent to the defendant's freight claim agent, inclosing affidavits and proofs of claim for injury and damage to the live stock. This letter is dated April 2, 1914.

Exhibit 1 is a letter from the plaintiff's agent to defendant's freight claim agent, stating that the claim had been sent April 2, that nothing had been heard from it by either the plaintiff or his agent (the bank at Middle River) and requesting defendant to report its action at once, either to plaintiff or to the bank. Exhibit 1 is dated April 14, 1914.

Exhibit 5 is a letter from the defendant to the bank at Middle River, dated "St. Paul, Minn., April 28, 1914." It refers to plaintiff's letter of April 14, and answering plaintiff's inquiry, continues: "This is to

advise you that claim is under active investigation and as soon as the investigation is complete I will advise you as to settlement." The letter is signed by defendant's freight claim agent.

Exhibit 4 is a letter dated St. Paul, July 25, 1914, addressed to the cashier of the bank of Middle River. The letter, referring to plaintiff's claim, states that defendant has made a very careful investigation thereof. It sets forth the facts as found by the defendant and winds up with the statement that the defendant cannot admit any liability and that the claim is respectfully declined.

It will be noted that Exhibit 4 bears date on the day when the time for bringing an action expired, if the injuries to the stock were received on March 25, 1914, as claimed by plaintiff.

An examination of this correspondence, which assures plaintiff that the claim is under active investigation and that he will be informed of defendant's decision, leads us to the conclusion that the plaintiff, acting in good faith and relying upon defendant's good faith, was justified in waiting until defendant's active investigation was completed and until the result thereof was communicated to him. The facts disclosed by the record warranted the district court's ruling that the exhibits were admissible as tending to show a waiver.

The plaintiff had a right to rely upon the good faith of the defendant in this transaction. He had a right to accept defendant's assurances that the claim was under active investigation, and that the defendant would notify him as soon as a final decision was arrived at. We assume that the defendant encountered considerable difficulty in its attempts to trace this shipment and to satisfy itself as to the facts bearing on the question of its liability. We must necessarily assume that defendant was acting in good faith and that its investigations were prosecuted with reasonable dispatch.

It is evident that the parties understood that the limitation clause was at least suspended for a period sufficient to permit the defendant to fully investigate the question of its liability and to notify the plaintiff of its decision.

Order affirmed.