Metz Company *vs.* Boston and Maine Railroad.

Middlesex.    March 7, 1917. — May 29, 1917.

Present: Rugg, C. J., Braley, De Courcy, Pierce, & Carroll, JJ.

*Interstate Commerce.    Waiver.*

A provision in an interstate bill of lading issued by a railroad corporation in a form filed by the corporation with its tariff schedules with the interstate commerce commission, that "Claims for loss, damage, or delay must be made in writing to the carrier at the point of delivery or at the point of origin within four months after delivery of the property, or, in case of failure to make delivery, then within four months after a reasonable time for delivery has elapsed," and that "Unless claims are so made the carrier shall not be liable," cannot be waived by the railroad corporation that filed the form of the bill of lading with its schedules. Following *Georgia, Florida & Alabama Railway* v. *Blish Milling Co.* 241 U. S. 190.

Examples cited by Rugg, C. J., of the application of the principle that there can be no waiver of an express prohibition embodied in the law for the general welfare.

Contract for $335.70 for the value of certain castings which the defendant on June 13, 1913, agreed to transport from Black Rock in the State of New York to Waltham in this Commonwealth and which it failed to deliver.    Writ dated December 4, 1914.

In the Superior Court the case was tried before *Bell,* J.    The evidence is described in the opinion.    The judge ordered the jury to return a verdict for the plaintiff in the sum of $344.10, the full amount of its claim; and the defendant alleged exceptions.

*J. M. O'Donoghue,* for the defendant.

*W. J. Bannan,* (*J. L. Harvey* with him,) for the plaintiff.

Rugg, C. J.    This is an action to recover the value of certain castings shipped in interstate commerce from Black Rock in the State of New York to Waltham in this Commonwealth, and lost in transportation.    It was admitted that a bill of lading "was issued according to law and that a copy of said bill of lading had been duly filed with the tariff schedules of the issuing carrier with the interstate commerce commission and these tariff sched-

ules had been duly published and kept open for inspection in accordance with the Acts of Congress and amendments thereto relating to interstate commerce." One clause of this bill of lading was in these words: "Claims for loss, damage, or delay must be made in writing to the carrier at the point of delivery or at the point of origin within four months after delivery of the property, or, in case of failure to make delivery, then within four months after a reasonable time for delivery has elapsed. Unless claims are so made the carrier shall not be liable." It is beyond question that a provision of this sort is valid and binding on the parties under the interstate commerce act. This needs no discussion in view of *Chesapeake & Ohio Railway* v. *McLaughlin,* 242 U. S. 142, *Northern Pacific Railway* v. *Wall,* 241 U. S. 87, and *Cincinnati, New Orleans & Texas Pacific Railway* v. *Rankin,* 241 U. S. 319.

The jury made an express finding, however, that the condition of the bill of lading requiring written notice of loss within four months had been waived by the defendant. This finding was warranted by the evidence. Therefore, the single question presented is whether such a condition in a bill of lading can be waived under the federal laws relating to interstate commerce. This is a question touching which the decisions of the Supreme Court of the United States are binding. The interstate commerce act supersedes all State laws as to the subject over which Congress thus has put forth its superior power. *Corbett* v. *Boston & Maine Railroad,* 219 Mass. 351, 356.

This question presented in the case at bar seems to us to be set at rest by *Georgia, Florida & Alabama Railway* v. *Blish Milling Co.* 241 U. S. 190, where, at page 197, it was said: "the parties could not waive the terms of the contract under which the shipment was made pursuant to the federal act; nor could the carrier by its conduct give the shipper the right to ignore these terms which were applicable to that conduct and hold the carrier to a different responsibility from that fixed by the agreement made under the published tariffs and regulations. A different view would antagonize the plain policy of the act and open the door to the very abuses at which the act was aimed. *Chicago & Alton Railroad* v. *Kirby,* 225 U. S. 155, 166." Those words are exactly applicable to the facts here presented. They were used in the course of a decision respecting a clause in a bill of lading in effect the same as that here in-

volved. While the facts of that case were slightly dissimilar to those of the case at bar, they are not different in substance and they call for the operation of the same principles of law. It cannot be presumed that the words just quoted were used inadvisedly or without a full appreciation of the natural force to be attributed to the comprehensive reference to waiver in that connection. This decision appears to mean that, when the form of the bill of lading with its numerous contractual provisions has been filed according to law with the interstate commerce commission, and the interstate rate for transportation has been fixed with reference to the terms and obligations of that uniform bill of lading, then those contractual terms and obligations become a part of the rate established and neither party can depart from them. The shipper and the carrier become bound inexorably by them. This decision was foreshadowed by *Southern Railway* v. *Prescott,* 240 U. S. 632, *Kansas City Southern Railway* v. *Carl,* 227 U. S. 639, and *Chicago & Alton Railroad* v. *Kirby,* 225 U. S. 155, and perhaps in other decisions.

Waiver by the railroad corporation of an obligation resting on the shipper or consignee would operate to that extent to create a preference in favor of that particular shipper or consignee and a discrimination against all others to whom a like concession is not made. But it is the plain purpose of the interstate commerce act and its amendments to prevent all favoritism by the carrier toward shippers and to put all shippers on the same footing. The public policy of the country has been declared to this end in no unmistakable terms in numerous decisions. *Boston & Maine Railroad* v. *Hooker,* 233 U. S. 97. *Louisville & Nashville Railroad* v. *Mottley,* 219 U. S. 467, 477. *Armour Packing Co.* v. *United States,* 209 U. S. 56. *Missouri, Kansas & Texas Railway* v. *Harriman,* 227 U. S. 657. It was said in *Kansas City Southern Railway* v. *Carl,* 227 U. S. 639, at page 649, that the Carmack amendment of the interstate commerce act "manifested the purpose of Congress to bring contracts for interstate shipments under one uniform rule or law."

The doctrine of waiver is not applicable to any subject where the public policy has been authoritatively declared to be contrary to waiver of rights. Laws founded upon considerations of public policy cannot be evaded by the device of waiver. The absolute defence is allowed in such instances, not for the sake of the defend-

ant, but because it is the established principle of the law. It stands on the same footing in law as things forbidden to be done on grounds of public policy. There can be no waiver of an express prohibition embodied in the law for the general welfare. There are numerous examples of this character as to which the law says there can be no waiver, as, for example, contracts with a public enemy, *Coppell* v. *Hall,* 7 Wall. 542, 558, contracts made on the Lord's day, *Day* v. *McAllister,* 15 Gray, 433, and others of like nature. *Clark* v. *Spencer,* 14 Kans. 398, 404. *Boutelle* v. *Melendy,* 19 N. H. 196. *Kneettle* v. *Newcomb,* 22 N. Y. 249. There are other examples of absolute requirements of the law in the nature of conditions precedent which cannot be waived because established by the law for the public benefit. A notice of injury received upon a highway, *Gay* v. *Cambridge,* 128 Mass. 387, and the peremptory requirement for the filing of a list by a taxpayer as a prerequisite for an abatement, *Winnisimmet Co.* v. *Assessors of Chelsea,* 6 Cush. 477, *Sears* v. *Assessors of Nahant,* 205 Mass. 558, 566, are of this class.

There are many decisions of other courts which have held that such a clause in an interstate bill of lading may be waived. In these opinions, however, the point that the form of the bill of lading was filed with the interstate commerce commission in compliance with the law and in connection with the rate schedules has not been discussed.* Moreover, most, if not all, of these decisions were made before the case of *Georgia, Florida & Alabama Railway* v. *Blish Milling Co.* 241 U. S. 190, which, as has been pointed out, is decisive the other way and which must be followed.

It does not appear on the record in the case at bar that the

---

* *Peninsula Produce Exchange* v. *New York, Philadelphia & Norfolk Railroad,* 122 Md. 231. *Howard & Callahan* v. *Illinois Central Railroad,* 161 Ky. 783. *Schloss-Bear-Davis Co. Inc.* v. *Louisville & Nashville Railroad,* 171 N. C. 350. *Southern Pacific Co.* v. *Stewart,* 233 Fed. Rep. 956. *Cockrill* v. *Missouri, Kansas & Texas Railway,* 90 Kans. 650. *Pierson* v. *Northern Pacific Railway,* 61 Wash. 450. *Chicago, Rock Island & Pacific Railway* v. *Spears,* 31 Okla. 469. *Cumbie* v. *St. Louis, Iron Mountain & Southern Railway,* 105 Ark. 406. *Robinson* v. *Great Northern Railway,* 123 Minn. 495. *Sauls-Baker Co.* v. *Atlantic Coast Line Railroad,* 98 S. C. 300. *Cleveland, Cincinnati, Chicago & St. Louis Railway* v. *Rudy,* 173 Ind. 181. *Wallace* v. *Lake Shore & Michigan Southern Railway,* 133 Mich. 633. *Eckert* v. *Pennsylvania Railroad,* 211 Penn. St. 267. *Lasky* v. *Southern Express Co.* 92 Miss. 268.

decisions in *In re Bills of Lading*, 29 I. C. C. Rep. 417, 419, and *Larkin Co.* v. *Erie & Western Transportation Co.* 34 I. C. C. Rep. 106, 110, have any bearing upon the decision required in this case.

The exceptions must be sustained and in accordance with St. 1909, c. 236 judgment is to be entered in the Superior Court for the defendant.

*So ordered.*