# E. L. WELCH COMPANY v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.[1]

### December 26, 1919.

### No. 21,520.

**Carrier — presentation of claim by shipper — waiver of right by carrier.**
The clause in the uniform bill of lading limiting the time within which a claim against the carrier in case of loss of shipment may be made, may be waived by the carrier. [Reporter.]

Action in the district court for Hennepin county to recover $1,378.60 for the conversion of a carload of oats. The amended answer set up as a

[1]Reported in 175 N. W. 100.

defense the provision in the uniform bill of lading, under which the shipment was. made, that "claims for loss, damage or delay, must be made in writing to the carrier at point of delivery, or at point of origin, within four months after delivery of the property, or, in case of failure to make delivery, then within four months after a reasonable time for delivery has elapsed. Unless claims are so made the carrier shall not be liable," and alleged that no claim was made within the time specified. The reply alleged that defendant fully waived that requirement. The case was tried before Hale, J., who at the close of the testimony granted defendant's motion for a directed verdict. From an order denying its motion for a new trial, plaintiff appealed. Reversed and new trial granted.

*H. V. Mercer & Co.* and *Andrew N. Johnson*, for appellant.

*F. W. Root* and *Colin W. Wright*, for respondent.

PER CURIAM.

On February 27, 1915, the Farmers' Co-operative Society shipped a car of oats from Alpha, Minnesota, over the defendant's line of railroad, under the usual uniform bill of lading, consigned to plaintiff at Minneapolis. The bill of lading contained the usual four months' limitation provision for making claim for loss in case the carrier failed to deliver the shipment. Plaintiff was a commission merchant at Minneapolis, received the bill of lading and paid the shipper for the oats in the usual course of business. The defendant failed to deliver the shipment. No claim for loss was made until May 17, 1916.

This action was brought on the theory of conversion, to recover the value of the car of oats. Defendant pleaded the limitation clause as a bar to plaintiff's right of recovery. The reply set up a waiver of the limitation clause. There was testimony in support of a waiver. At the close of the testimony the trial court directed a verdict for defendant, upon the theory that the defendant could not waive the limitation clause as it would be contrary to the statutes of the state. A majority of the court are of the opinion that the trial court was in error. The rule is no longer an open question in this state. The carrier may waive the provisions of such limitation clause. Robinson v. Great Northern Ry. Co. 123 Minn. 495, 144 N. W. 220; Naumen v. Great Northern Ry. Co. 131 Minn. 217, 154 N. W. 1076; Shama v. Chicago, M. & St. P. Ry. Co. 128 Minn. 522, 151 N. W. 406; Ferris v. M. & St. L. R. Co. 143 Minn. 90, 173 N. W. 178.

The order denying plaintiff's motion for a new trial is reversed and a new trial granted.