## SUPERIOR COURT OF BALTIMORE CITY.

Filed March 9, 1920.

ABRAHAM A. BRONSTEIN, ETC., TRADING AS A. BRONSTEIN & SONS,

VS.

WALKER D. HINES, DIRECTOR GENERAL OF RAILROADS, OPERATING THE BALTIMORE AND OHIO RAILROAD.

*Joseph Fax* for plaintiff.
*Duncan K. Brent* for defendant.

DUFFY, J.—

In this case it appears that nine bales of rags were shipped by the plaintiff

by the Baltimore and Ohio Railroad to a buyer in New York. Eight of them arrived and were delivered, and one was lost in transit. The bill of lading is in the usual form and contains a provision that for loss, damage or injury to the goods shipped, claims must be made in writing to the originating or delivering carrier within six months after delivery of the property, or in case of failure to make delivery, then within six months after a reasonable time for delivery has elapsed. The defense is that no such written claim was ever made.

The evidence tends to show that to enable the carrier to locate the goods, the bill of lading was delivered to it, and subsequently mislaid by it, and that in making claim for loss, the carrier, according to its usual practice, required the bill of lading to be filed, with the written application for compensation with the appropriate department. For this reason the plaintiff claims that he was unable to file his claim within the six months.

If this were an intra-state shipment, the above-recited facts would constitute a waiver of written notice of claim. The Supreme Court in recent cases has held, in construing the Hepburn Act and the Carmack Amendment, that the carrier can not by act or omission waive the provisions of this bill of lading. 241 U. S. 197, Blish Milling Company's case; 250 U. S. 478, Leatherwood's case.

It has also decided that the construction of the provisions of the bill of lading is a federal question (see the Blish case and the Metz case). These cases follow the line of cases which hold that when a rate has been published in accordance with the provisions of the act, the shipper is charged with constructive notice thereof, and that even in the case where the carrier by mistake has charged and accepted a rate which is less than the established rate the carrier can and must collect the amount of the undercharge. Roberts, Federal Liability of Carriers, Vol. 1, p. 470.

The plaintiff did not file with the carrier a claim in writing for damages for loss of the goods. He did file a "claim tracer," which is nothing more than a notice that the goods have not been delivered, coupled with a request that the carrier hunt up the goods and make the required delivery. It can not

be construed as a notice to the carrier that the shipper considers the goods lost and makes claim for compensation. The Hyatt case, 92 N. J. Law 96, is not quite in point. I think that a reasonable inference from the Blish case and the Starbird case, 243 U. S. 605, is that the "writing" must in substance be a demand for compensation for loss of the goods.

The principal difficulty in this case is due to the fact that in Produce Exchange vs. N. Y. P. & N. R. R. 122 Md. 232, it was decided that a clause of the bill of lading equivalent to the one we are here discussing could be waived by the carrier, and that was a case of interstate shipment, and, therefore, subject to the provisions of the act of Congress above referred to.

But this decision was made in 1914, two years before the decision of the United States Supreme Court in the Blish case, which is the earliest of the court's decisions on this subject.

Inasmuch as the application of the doctrine of waiver to this provision of the interstate bill of lading in this case is a federal question, it seems appropriate for me to follow the rulings of the United States Supreme Court, as was done in 227 Mass. 309, Metz vs. R. R. Co., decided in 1917. This case is directly in point.

Motion for new trial granted.