## HERRAN *v*. CHICAGO AND ERIE RAILROAD COMPANY ET AL.

### [No. 11,251.    Filed April 27, 1922.]

1. CARRIERS.—*Carriage of Live Stock.—Care of Stock.—Carrier's Liability.*—Under a live stock shipping contract providing that the shipper should at his sole risk and expense load, care for and feed the stock, though delayed in transit, where he failed to do so, he cannot charge the carrier with negligence in failing to care for the stock in transit in an action to recover for damage to the shipment.  p. 255.

2. CARRIERS.—*Carriage of Live Stock.—Contract Stipulations.—Waiver.—Carrier's Knowledge of Shipper's Noncompliance.*—Under a live stock shipping contract providing that the shipper should at his sole risk and expense load the stock and care for and feed it, though delayed in transit, the fact that the carrier or its agent knew that the shipper would not and did not comply with such provision did not modify or waive the terms of the contract and the responsibility of the carrier was limited to transportation only.  p. 255.

3. CARRIERS.—*Carriage of Live Stock.—Claims for Damages.—Time for Filing.—Waiver.*—Investigation and rejection of a shipper's claim for damages to a shipment of hogs without objecting to its want of verification did not waive an express provision of the shipping contract that no claim for damages should be paid, unless made in writing, verified by the affidavit of the shipper or his agent, and delivered to the carrier within five days from the time the stock was removed from the cars.  p. 256.

4. CARRIERS.—*Carriage of Live Stock.—Uniform Shipping Contract.—Modification or Waiver of Terms by Carrier.—Validity.*—A uniform live stock shipping contract, with special provisions because of the lower rate charged on an interstate shipment of live stock being authorized by the Interstate Commerce Commission, a modification or waiver in the interest of any shipper constitutes a discrimination void as against public policy.  p. 256.

From Huntington Circuit Court; *George M. Eberhart,* Judge.

Action by J. Oscar Herran against the Chicago and Erie Railroad Company and another. From a judgment for defendant, the plaintiff appeals.  *Affirmed.*

*Eichhorn & Edris, Claude Cline* and *Cyrus F. Boyd,* for appellant.

*Bowers, Feightner & Bowers* and *Adams, Follansbee, Hawley & Shorey,* for appellees.

NICHOLS, J.—Appellant, who was a shipper, commenced suit against appellee December 9, 1919, in the Huntington Circuit Court on what is known as a shipper's live stock contract for damage to a shipment of hogs, on account of alleged negligence of the carrier.

The only error assigned and which is relied upon for a reversal is. that the court erred in overruling appellant's motion for a new trial. The particular grounds for a new trial, upon which appellant predicates error, are that the decision is contrary to law; that it is not sustained by sufficient evidence, and relating to the rejection of certain evidence offered for the purpose of proving a waiver by appellee of the provision and requirement in the shipping contract that a claim for loss or damage must be made within five days, in writing, verified by the shipper or his agent.

Appellant states the uncontroverted facts established by the evidence to be that appellant on August 5, 1916, tendered to the appellee railroad company, which was a common carrier engaged in interstate commerce at Markle, Indiana, a carload of live stock consisting of ninety-six hogs and four calves, for shipment to Buffalo, New York; that a uniform live-stock contract was executed by appellant and appellee's agent, pursuant to the terms of which the railroad company accepted and undertook to ship said stock to its destination; that appellee railroad company knew appellant would not, and he did not, accompany said shipment; that appellee railroad company carelessly and negligently failed to properly care for said hogs en route by watering and cooling them, and because of said failure twelve of them were

dead when the car reached its destination; that because of appellees' said negligence, appellant was damaged in the sum of $177.51; that a claim for the loss was presented about July 10, 1919, and appellees, without objecting to the fact that no verified claim in writing had been presented within five days as provided in the contract, investigated the claim and rejected it solely on the ground of no liability.

These undisputed facts taken with the terms and stipulations of the shipping contract, which was read in evidence, show no right of recovery in appellant.

1. It was expressly provided in such contract that the shipper was at his own sole risk and expense to load and take care of and to feed and water the stock here involved whether the same was delayed in transit or otherwise. Appellant did not comply with this provision of his contract and failing so to do he cannot charge the company with negligence for failing to perform his duties under the contract. *Lewis* v. *Penn. R. Co.* (1903), 70 N. J. Law 132, 56 Atl. 128, 1 Ann. Cas. 156.

It was further expressly agreed therein that there should be free carriage to the person in charge of such stock while the same was in transit. The fact

2. that appellee or its agent knew that appellant would not and did not accompany such shipment and that appellant did not properly care for his stock en route by watering and cooling it, cannot in any way modify or waive the terms of the contract of shipment. *Missouri, etc., R. Co.* v. *Kirkhan* (1901), 63 Kans. 255, 65 Pac. 261. Under such contract there was no duty resting upon appellee to care for the stock, for it assumed no liability or duty with reference thereto, except in the actual transportation thereof.

The damages of which appellant complains occurred in August, 1916, while the claim therefor was not pre-

sented until July 10, 1919.   It was expressly pro-
3.   vided in the contract that no claim for damages
which might accrue to the shipper should be al-
lowed or paid by the carrier or sued for in any court
unless a claim for such damages was made in writing
verified by the affidavit of the shipper or his agent, and
delivered to the company at its office in East Buffalo,
New York, within five days from the time said stock
was removed from the cars.   Presenting a claim to the
agent of the company nearly three years after the dam-
ages complained of was not a compliance with the pro-
visions of the contract, and the fact, if such it be, that
appellee investigated the claim and rejected it without
objecting to its want of verification was not a waiver
of such provision of the contract.

The shipment here involved was an interstate ship-
ment, and the uniform shipping contract, with its spe-
cial provisions because of the lower rate, was a
4.   contract authorized by the Interstate Commerce
Commission, and as such its terms could not be
modified or waived in the interest of any one shipper
as such modifications or waiver would constitute a dis-
crimination void as against public policy.   *Clegg* v. *St.
Louis, etc., R. Co.* (1913), 203 Fed. 971, 122 C. C. A.
273; *Chicago, etc., R. Co.* v. *Kirby* (1912), 225 U. S.
155, 56 L. Ed. 1033, 32 Sup. Ct. 648, Ann. Cas. 1914A
501; *Metz Co.* v. *Boston, etc., R. Co.* (1917), 227 Mass.
307, 116 N. E. 475; *Fay* v. *Chicago, etc., R. Co.* (1919),
186 Iowa 573, 173 N. W. 69; *Abell* v. *Atchison, etc., R.
Co.* (1917), 100 Kans. 238, 164 Pac. 269; *Chicago, etc.,
R. Co.* v. *Brockmeier* (1917), (Okla.) 168 Pac. 1011,
L. R. A. 1918E 782; *Dean* v. *Southern R. Co.* (1916),
107 S. C. 25, 91 S. E. 1042.

Judgment affirmed.