## OELBERMANN et al. v. TOYO KISEN KABUSHIKI KAISHA.*

(Circuit Court of Appeals, Ninth Circuit. January 5, 1925.)

No. 4257.

**1. Estoppel ⬤⟐52—To constitute waiver there must be intention to relinquish known right.**

To constitute waiver there must be intention to relinquish known right.

*Certiorari denied 45 S. Ct. 511, 69 L. Ed. ——.

**2. Shipping ⬤⟐142—Carrier, answering claim on merits, without setting up defense that claim was barred by limitation in contract, waives such defense.**

Where carrier answers written claim, received after expiration of time limited in contract, on merits, and makes no defense on ground of delay in presenting claim, it expresses intention to waive such defense.

Appeal from the District Court of the United States for the Third Division of the Northern District of California; George M. Bourquin, Judge.

Suit by Wm. D. Oelbermann and others, copartners doing business under the firm name of Wm. D. Oelbermann & Co., against the Toyo Kisen Kabushiki Kaisha, a corporation. Decree for defendant, and plaintiffs appeal. Reversed and remanded.

The appellants were the consignees of a shipment of wool, which originated at Tientsin, China, was carried by the appellee's steamship Siberia Maru from Dairen, Corea, to San Francisco, Cal., and thence by the Luckenbach steamer Andrea Luckenbach to Philadelphia. The carrier arrived at Philadelphia on March 21, 1923. On April 4, 1923, the appellants filed with the Luckenbach Steamship Company their claim for damages to the cargo. On June 6, 1923, the claim was rejected by that company on the ground that the damage occurred prior to delivery to its vessel. On September 19, 1923, the Luckenbach Steamship Company, on behalf of the appellants, presented to the appellee a written claim for the damages. The claim was rejected by the appellee in its letter of September 29, 1923, which stated as ground for rejection that the appellee had exercised due diligence to make its vessel seaworthy and was relieved from liability by the provisions of the Harter Act.

No objection was made on the ground that the claim was not presented in due time. The libel was filed on November 16, 1923. In its answer to the libel the appellee pleaded the terms of the bill of lading, wherein it was provided that all claims of shipper or consignee for loss or damage to cargo should be presented in writing within 60 days from the date of notice of such loss or damage, "and, if any such claim be not so presented within said 60 days, such claim shall be, and by every court be held to have been, released by shipper and to be abandoned and barred." The court below, on the pleadings and the testimony, held that the appellee was responsible for the loss and damage, but that the failure of the appel-

lants to present their claim within the time limit barred their cause of actions, and dismissed the libel. .

McClanahan & Derby, S. Hasket Derby, and Carroll Single, all of San Francisco, Cal., for appellants.

F. Eldred Boland and Knight, Boland, Hutchinson & Christin, all of San Francisco, Cal., for appellee.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). The text-books are in accord in stating the rule that a condition in a contract of carriage requiring that notice of claim of damages be presented within a stated time may be waived by the carrier, either expressly or by conduct inconsistent with an intention to rely upon it, and that where a claim is presented after the time so limited, and payment is refused for reasons not involving the promptness of the notice, but on entirely different grounds, there is a waiver. 1 Hutchinson on Carriers (3d Ed.) p. 473; 4 R. C. L. 799; 10 C. J. 342.

In the text last cited the rule is thus stated: "Where waivers are not prohibited, the rejection of a claim on grounds other than noncompliance or an insufficient compliance with a contractual requirement that notice of claim for loss or injury shall be given the carrier, operates as a waiver of the contractual requirement. In other words, where the carrier states a specific ground of objection, any other objection which it could have made is waived." The text is in accord with the decided weight of authority. Naumen v. Great Northern Ry. Co., 131 Minn. 217, 154 N. W. 1076; Banks v. Pennsylvania R. Co., 111 Minn. 48, 126 N. W. 410; Wallace v. Lake Shore, etc., R. Co., 133 Mich. 633, 95 N. W. 750; Hull v. Railroad, 193 Mo. App. 425, 185 S. W. 1155; Hudson & Co. v. N. P. Ry. Co., 92 Iowa, 231, 60 N. W. 608, 54 Am. St. Rep. 550; Cleveland, etc., R. Co. v. Rudy, 173 Ind. 181, 89 N. E. 951; M. & N. Trans. Co. v. Eichberg, 109 Md. 211, 71 A. 993, 130 Am. St. Rep. 524; Produce Exchange v. N. Y. P. & N. R. R., 122 Md. 231, 89 A. 437; Isham v. Erie R. Co., 112. App. Div. 612, 98 N. Y. S. 609, affirmed 191 N. Y. 547, 85. N. E. 1111; Fruit Co. v. P., C., C. & St. L. Ry. Co., 43 Pa. Super. Ct. 481.; Post v. Atlantic Coast Line R. Co., 138 Ga. 763, 76 S. E. 45.

The appellee contends that, while the state courts have often frittered away the contract rights of persons by invoking the doctrine of waiver, the federal courts have adhered to a stricter rule, and cites Lehigh Valley R. Co. v. Providence-Washington Ins. Co., 172 F. 364, 97 C. C. A. 62, where it was said: "A waiver is the intentional relinquishment of a known right." In that case the court said that "the fact that the respondent insisted upon other defenses did not amount to a waiver of this defense." But, so far as the records of that case and of the case from which it was taken on writ of error inform us, there was no "other defense" insisted upon, except that the respondent had promised to bear a part of the expense of litigation, which, said the court, "is entirely insufficient to establish such a waiver."

[1, 2] We agree that to constitute waiver there must be an intention to relinquish a known right. That intention may be evidenced by expressed words, by acts, or by a course of conduct, and we may accept it as settled that, in view of the well-known rule of law that if a carrier receives a claim of damages after the expiration of the time limited in the contract, and considers the items thereof, and makes its answer thereto on the merits, and makes no claim of defense on account of the delay in presenting the same, it gives the claimant the right to understand that its intention is to waive that defense.

The appellee cites, also, Southern Pac. Co. v. Stewart, 248 U. S. 446, 39 S. Ct. 139, 63 L. Ed. 350. In that case no written claim for loss or damages was given by the shipper as required by the contract. The facts relied upon to show waiver were that the defendant had, at the time when the damages were sustained, actual knowledge of all of the items thereof, and on many occasions had recognized the plaintiff's right to recover on account thereof, and had negotiated with the plaintiff for settlement. Those circumstances, the Supreme Court ruled, were inadequate to show a waiver by the carrier of the written notice required by the contract. While in so holding the court rejected the prevailing rule of the state courts, as illustrated in Reynolds v. Express Co., 172 N. C. 487, 90 S. E. 510, Ann. Cas. 1918C, 1071; St. Louis Southwestern R. Co. v. Grayson, 89 Ark. 154, 115 S. W. 933, and Southern Express Co. v. Stevenson, 89 Miss. 233, 42 So. 670, we find in the opinion nothing to indicate disapproval of the well-established rule that if a demand in writing is presented, and the carrier receives and answers it, and sets forth its defense thereto on the merits, and makes no reference to the defense that the action is

barred, it expresses its intention to waive the latter defense.

The decree is reversed, and the cause is remanded to the court below to assess the appellants' damages.